# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH D'AMICO,<br>    *Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF CHILDREN AND FAMILIES,<br>    *Defendant*. | No. 3:16-cv-00655 (JAM) |

## RULING GRANTING MOTION IN LIMINE
## TO PRECLUDE TESTIMONY OF LATE DISCLOSED WITNESS

Plaintiff Elizabeth D'Amico has brought this action alleging that her employer, the Connecticut Department of Children and Families, retaliated against her by transferring her from one position within the department to another. Defendant has now moved *in limine* to exclude the testimony of a witness whom plaintiff failed to disclose until the eve of trial. I will grant the motion and exclude this witness's testimony from plaintiff's case in chief.

### BACKGROUND

Plaintiff filed this action on April 27, 2016, alleging that her transfer in April 2014 from a position at defendant's central office in Hartford to a position as a program manager at the Connecticut Juvenile Training School ("CJTS") in Middletown was made in retaliation against her for filing several lawsuits and administrative complaints regarding workplace discrimination. Doc. #1. At a motion hearing on July 17, 2017, I denied defendant's motion for summary judgment, Doc. #30, and the case has ultimately been scheduled for jury selection on February 1, 2018, with trial commencing on February 12, 2018. Doc. #51.

During discovery, defendant served a number of interrogatories on plaintiff. One of these asked plaintiff to "state the name, address, and telephone number of any person(s) who possesses

1

knowledge of any facts relating to any of the allegations contained in the Complaint." Doc. #47-1 at 1. Plaintiff listed nine names in response: Paula D'Aquila, Gail DeMarco, Linda Dixon, Antonio Donis, Kate Henry, Joette Katz, Eileen Meehan, William Rosenbeck, and Susan Smith. Discovery closed on March 10, 2017, and the parties filed their joint trial memorandum on December 1, 2017. Doc. #43. In this document plaintiff listed five potential witnesses in addition to plaintiff herself, all of whom had earlier been listed in the interrogatory response: D'Aquila, DeMarco, Donis, Henry, and Katz. *Id*. at 3. Four days later plaintiff filed a motion to amend to add yet another witness, Linette Gaunichaux. Doc. #46. The Court granted this motion on December 19, 2017. Defendant now moves to exclude the testimony of Ms. Gaunichaux on the grounds that she was never properly disclosed during discovery.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(A)(i) states that, in general, "a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 37(c)(1), meanwhile, provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Rule goes on to state that the Court may supplement or substitute this sanction with any "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C). In deciding whether to exclude evidence under Rule 37(c)(1), the Second Circuit considers "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3)

2

the prejudice suffered by the opposing party as a result of having to prepare to meet the testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Plaintiff does not contest that she failed to disclose the required information as to Ms. Gaunichaux. Nor does she advance any argument that the failure was justified; indeed, she states that the failure to disclose was "regrettable." Doc. #49 at 1. Plaintiff contends that the failure to disclose was harmless, essentially because defendant deposed no witnesses during discovery, that therefore "nobody is likely to be taken by surprise" by the witness's testimony, and that plaintiff would not object to allowing defendant to depose Ms. Gaunichaux before trial. *Id*. at 1–2. But the disclosure requirements under the Federal Rules are not limited to those witnesses whose testimony is likely to be surprising to the other party. Nor is the harm of failing to disclose limited to preventing the other party from deposing the witness; disclosure enables the opposing party to build its theory of the case, to plan its strategies, and to find other evidence to use at trial. All of this cannot easily be done in the few weeks immediately before trial and long after the discovery period has closed.

From plaintiff's representations, Ms. Gaunichaux's testimony at trial would concern conditions and treatment at CJTS subsequent to plaintiff's transfer there, offered to corroborate plaintiff's multiple claims of mistreatment in her new position. Plaintiff has provided no explanation for the failure to disclose, and defendant would be non-trivially prejudiced by having to prepare to meet Ms. Gaunichaux's testimony at this late date, especially considering that the testimony could well relate to incidents known to Ms. Gaunichaux over the course of months or years about which defendant has not had notice would be at issue in this lawsuit. Regardless whether Ms. Gaunichaux's deposition could feasibly be taken this week before trial without the

3

need for a continuance, I find that exclusion of her testimony from plaintiff's case in chief is warranted. Defendant has been prejudiced by the late disclosure of this witness, and it is too much to ask for defendant to prepare its case on the eve of trial to defend against a potentially major witness like Ms. Gaunichaux for whom there is no good reason that plaintiff failed to disclose.

## CONCLUSION

For the foregoing reasons, defendant's motion in limine (Doc. #47) is GRANTED.

It is so ordered.

Dated at New Haven this 31st day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge